THE UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON RICHARDS,<br>Plaintiff, | 2003 NOV 12 A 9: 20 |
| v. | CIVIL ACTION NO.<br>3:02CV2282 (AHN) |
| WEST HAVEN DEPARTMENT OF<br>EDUCATION<br>Defendant | November 11, 2003 |

## PLAINTIFF SHARON RICHARD'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

Pursuant to Fed. R. Civ P. 26(c), the Plaintiff, Sharon Richards, hereby moves for a protective order barring the presence of William Kotowski during any deposition of the Plaintiff. The Plaintiff asserts that Mr. Kotowski must be barred because his presence would cause undue burden, oppression and severe emotional distress upon the Plaintiff.

**I.  Preliminary Background**

This action arises under Title VII of the Civil Rights Act of 1964, as amended, as codified at 42 U.S.C. §2000e et seq., the Age Discrimination in Employment Act of 1967, as amended, codified at 29 U.S.C. §621 et seq., the Americans with Disabilities Act of 1990, as amended, codified at 42 U.S.C. §12101 et seq., Conn. Gen Stat. §46a-60 et seq., and common law.

The Plaintiff Sharon Richards was employed at the Alma E. Pagels Elementary School in West Haven, Connecticut. From August 1999 to September 2000 her supervisor was Principal William Kotowski. As a result of working under the supervision of Principal Kotowski experienced severe emotional distress, which still occurs today when the Plaintiff is within his presence.

3

## II.   Argument

Fed. R. Civ. P. 26(c) provides that a party may seek a protective order "when justice requires to protect a party or person from...oppression or undue burden." That motion must be "accompanied by a certification that the movant has a in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Id.

"The grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse or discretion." Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

The Plaintiff seeks relief from being deposed by the Defendant while Mr. Kotowski is present because his presence would cause undue burden, oppression and severe emotional distress upon the Plaintiff.

### A.   Mr. Kotowski's presence at the deposition would cause the Plaintiff extreme emotional distress.

The complaint alleges that as a result of the abusive treatment and continual harassment the Plaintiff suffered working as Principal Kotowski's assistant, she developed severe depression and anxiety necessitating treatment by a psychiatrist and other mental health professionals. This treatment continues and on November 4, 2003, Plaintiff's psychiatrist, A. Herbert Schwartz, informed her attorneys via faxed letter that she would "probably experience extreme anxiety" if Principal Kotowski were present at the deposition. On November 7, 2003, Plaintiff's attorney spoke via telephone with Dr. Schwartz regarding the ability of the Plaintiff to be deposed in the presence of Mr. Kotowski. He expressed to counsel that if the Plaintiff were to see Mr. Kotowski she would experience a severe panic attack resulting in being unable to be deposed.

4

On November 7th this letter was faxed to counsel for the Defendant, Warren Holcomb, along with a letter from Plaintiff's attorney stating that we wished to go ahead with the deposition but requesting that Mr. Kotowski not be present at the deposition. The Plaintiff's attorney further stated that there would be no objection to another representative of the West Haven Department of Education being present at the deposition. As he is not a party to the lawsuit, Mr. Kotowski's attendance at the deposition is not required. In light of Dr. Schwartz's medical determination, the only reason for Mr. Kotowski's attendance at the deposition would be to intimidate the Plaintiff and to cause her further emotional distress harming the accuracy of her testimony. On November 10, 2003, Attorney Holcomb faxed a letter to Plaintiff's attorney in which he declined to state whether or not Mr. Kotowski would attend the deposition. That same day, Plaintiff's attorney faxed Attorney Holcomb another letter in which they requested to know whether or not Mr. Kotowski would be present at the deposition and informing Attorney Holcomb that without an answer, the Plaintiff would be forced to file a Motion to Quash the Deposition. The Plaintiff received a response via fax from Attorney Holcomb where he stated that he has not yet decided whether or not Mr. Kotowski would attend the Deposition. On November 11, 2003, Plaintiff's attorney once again called Attorney Holcomb to try and resolve the issue of Mr. Kotowski's attendance in order to proceed with the deposition. Plaintiff's attorney explained to Attorney Holcomb that any testimony given at the deposition would be problematical and its probative value subject to attack in the event of trial. Attorney Holcomb informed the Plaintiff's attorney that Mr. Kotowski would be attending the deposition of the Plaintiff on November 13, 2003. On November 11, 2003, Plaintiff's attorney had a second telephone conversation with Dr. Schwartz in which he sought written clarification of the use of the word "probably" as part of the medical determination. Dr. Schwartz faxed the Plaintiff's

5

attorney another letter in which he reiterated, clarified and stated in no uncertain terms that the Plaintiff should not be placed in a situation where she has to give deposition testimony in the presence of Mr. Kotowski.

Due to Defendant's refusal to go forth with the deposition without Mr. Kotowski presence and the fact that allowing the Plaintiff to testify in the presence of Mr. Kotowski would cause severe emotional anxiety, participation in a deposition at this time is impossible.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion for Protective Order should be granted by the Court to bar William Kotowski from being present during the deposition of the Plaintiff Sharon Richards.

Respectfully submitted,<br>
The Plaintiff<br>
Sharon Richards<br>
<br>
By:_____<br>
Eugene N. Axelrod, Esq.<br>
The Employment Law Group<br>
8 Lunar Drive<br>
Woodbridge, CT 06525<br>
Federal Bar No. ct 00309<br>
(203) 389-6526

6

## CERTIFICATION

A copy of the foregoing was sent via facsimile and first class mail, postage pre-paid, on November 11, 2003 to the following counsel of record:

Warren L. Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

_____
Eugene N. Axelrod, Esq.